UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAURIE A. EMSER,

                Plaintiff,

     -vs-                    **No. 1:16-CV-00909 (MAT)**
                                    **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Laurie A. Emser ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

## II. Procedural History

Plaintiff protectively filed concurrent applications for DIB and SSI on February 21, 2013, alleging disability as of January 1, 2008 due to lower back pain, chronic obstructive pulmonary disease

("COPD"), and depression. Administrative Transcript ("T.") 84-85. Plaintiff's applications were initially denied. T. 105-108. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Robert T. Harvey on March 12, 2015, at which Plaintiff appeared with an attorney. T. 41-81. On May 7, 2015, the ALJ issued an unfavorable decision. T. 15-40. On September 19, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision. T. 1-4. This action followed.

### III. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through September 30, 2009. T. 20. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2008, the alleged onset date. *Id*.

At step two, the ALJ found that Plaintiff suffered from the severe impairments of "residuals of left upper extremity fracture," asthma, COPD, degenerative disc disease of the lumbar and cervical spine, alcohol abuse, and hand tremors. *Id.* The ALJ further found that Plaintiff had the non-severe impairments of thrombocytopenia, carpal tunnel syndrome, depression, and anxiety. T. 21.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 22. The ALJ particularly considered Listings 1.04 (disorders of the spine), 1.07 (fracture of an upper extremity), 3.02 (chronic pulmonary insufficiency), 3.03 (asthma), 12.04 (depressive, bipolar and related disorders), and 12.09 (substance addiction disorder) in reaching this conclusion. T. 22-24.

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to: lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently; sit for two hours in an eight-hour workday; stand or walk for six hours in an eight-hour workday; frequently bend, climb, stoop, squat, kneel, and crawl; frequently reach in all directions with the left upper extremity; frequently finger; frequently push or pull with the left upper extremity; never climb ropes, ladders, or scaffolds; and never work in areas where she would be exposed to cold, dampness, or excessive pulmonary irritants. T. 25.

At step four, the ALJ relied on the testimony of a vocational expert ("VE") to find that Plaintiff was capable of performing her past relevant work as a hand packager. T. 34. Accordingly, the ALJ did not proceed to step five, but found that Plaintiff was not disabled as defined in the Act. T. 35-36.

## IV. Discussion

### A. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

In this case, Plaintiff argues that this matter must be remanded for further administrative proceedings. Plaintiff's sole contention in favor of this position is that the ALJ's step four finding was based on legal error and not supported by substantial

evidence. For the reasons discussed below, the Court finds Plaintiff's argument without merit.

### B. The ALJ's Step Four Finding

As set forth above, the sole argument Plaintiff makes is that the ALJ's step four finding that she was capable of performing her past relevant work as a hand packager was erroneous. In particular, Plaintiff contends that the record in this case fails to support the conclusion that she was capable of performing that work as she had actually performed it. Plaintiff notes that the ALJ found that she was capable of only frequent fingering and frequent reach with her left arm, but argues that a job as a hand packager requires constant fingering and reaching.

A denial of benefits at step four is appropriate if a claimant "can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2). It is the claimant's burden at step four "to show an inability to return to her previous specific job *and* an inability to perform her past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003) (emphasis in original). "The *Dictionary of Occupational Titles* ("DOT") is used to evaluate jobs as they are generally performed." *Petrie v. Astrue*, 412 F. App'x 401, 409 (2d Cir. 2011). However, a VE may offer specific testimony "to explain the requirements of particular jobs." *Jasinski*, 341 F.3d at 185.

Here, Plaintiff had past relevant work as a factory worker. At the hearing, the ALJ asked Plaintiff about this job, and she explained that she had been a "line leader" working for a company that made diet pills and that it had been her job to fill boxes with pills and to show others how to do so. T. 58. Plaintiff testified that she rarely had to lift anything while performing this job, because she "had other people" and "[t]here was always somebody else to lift [things]." T. 58-59. Plaintiff lifted less than 10 pounds while performing this job and was on her feet for at least six hours in an eight-hour workday. T. 58.

Later in the hearing, the ALJ examined VE Timothy Janikowski. T. 68. VE Janikowski testified that the work Plaintiff did for the pill company was "best classified" as "packager, hand," with DOT Code 920.587-018. T. 74-75. VE Janikowski further explained that although the DOT classifies hand packager as a medium exertion job, based on Plaintiff's testimony, it was light exertion as she actually performed it. T. 75. The ALJ then asked VE Janikowsi to consider a hypothetical individual with Plaintiff's limitations and impairments, including occasional limitations in the ability to reach in all directions with the left arm and to finger. *Id*. The VE testified that such an individual could perform Plaintiff's past relevant work as a hand packager as she performed it, but not as classified by the DOT. T. 75-76.

Plaintiff's counsel was given the opportunity to question VE Janikowski. T. 78-79. Plaintiff's counsel specifically asked the

6

VE whether an individual with occasional limitations in the ability to reach could perform as a packager, and the VE testified that such an individual could. *Id*.

Based on the VE's testimony, the ALJ concluded in his decision that Plaintiff was capable of performing her past relevant work as a hand packager. T. 34. Plaintiff contends that this was error, arguing that (1) the ALJ failed to develop an appropriate description of Plaintiff's job as she actually performed it and (2) the hand use requirements of the job of hand packager exceed the limitations set forth in the ALJ's RFC finding. The Court has considered these arguments and finds them to be without merit.

Plaintiff argues that the ALJ failed to comply with the requirements of Social Security Ruling ("SSR") 82-62, 1982 WL 31386 (S.S.A. 1982), which provides that "[a]dequate documentation" of the requirements of past relevant work "includes factual information about those work demands which have a bearing on the medically established limitations," and that "[d]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate." *Id*. at *3. Plaintiff contends that, in this case, the ALJ's colloquy with Plaintiff regarding the demands of her past relevant work failed to meet this standard.

The Court disagrees. SSR 82-62 requires that an ALJ perform a "careful appraisal" of whether a claimant's limitations would or would not affect her ability to perform past relevant work. *Abbott v. Colvin*, 596 F. App'x 21, 23 (2d Cir. 2015). However, SSR 82-62

7

also explains that "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." 1982 WL 31386 at *3. In this case, Plaintiff provided the ALJ with a sufficiently detailed description of her past relevant work at the pill factory to enable him to consider whether that work was consistent with Plaintiff's RFC. In particular, Plaintiff explained that she filled boxes with pills and also showed other people how to perform that work. T. 58. Plaintiff told the ALJ that she rarely had to lift anything while working at this job, because she had other people to do so for her. T. 58-59. The ALJ (and the VE) could reasonably conclude from this description that this job had only light exertional demands, and required only sufficient hand dexterity to place pills into a box.

The ALJ also specifically discussed Plaintiff's past relevant work as a hand packager in his decision. The ALJ noted that this work was performed at the light exertional level (*see* T. 34), satisfying his obligation under SSR 82-62 to make "[a] finding of fact as the physical . . . demands of the past job/occupation." 1982 WL 31386 at *4. The ALJ further noted that the VE had testified that an individual with Plaintiff's RFC could perform this past relevant work "as it was actually performed by [Plaintiff]" (*see* T. 34), satisfying his obligation under SSR 82-62 to make "[a] finding of fact that the individual's RFC would permit a return to his or her past job or occupation." 1982 WL 31386 at

8

\*4. "The Court finds such assessment to be proper. . . . It is Plaintiff's burden at Step Four to show that she is unable to perform her past relevant work. Since Plaintiff failed to meet her burden of proof, the ALJ properly found her not disabled." *Johnson v. Astrue*, No. 6:03-CV-1510 FJS/RFT, 2009 WL 890669, at \*11 (N.D.N.Y. Mar. 30, 2009) (upholding ALJ's determination that plaintiff's past relevant "jobs as she described them were consistent with her RFC").

The Court further notes that SSR 82-62 instructs the ALJ to afford particular consideration to "the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements." 1982 WL 31386 at \*3. In this case, the ALJ asked Plaintiff what would prevent her from performing her past relevant work and Plaintiff made no mention whatsoever of any difficulties with reaching or fingering. T. 59. Instead, Plaintiff testified that she would be unable to work full-time due to difficulty breathing and disorientation from her depression. *Id*. As such, the ALJ had no evidence before him indicating that Plaintiff was unable to perform the reaching or fingering requirements of her past relevant work.

The Court is also not persuaded by Plaintiff's argument that there was a conflict between the VE's testimony and the DOT that the ALJ was obligated to resolve. Plaintiff specifically contends that the VE's testimony that Plaintiff could perform her past relevant work as a hand packager was inconsistent with the DOT,

9

which provides that work as a hand packager requires constant reaching and fingering.

Plaintiff has failed to establish a conflict between the DOT and the VE's testimony. As the Second Circuit has explained:

> Whereas the [DOT] describes jobs as they are generally performed, an expert is often called upon to explain the requirements of particular jobs, and as such, his deviations from the [DOT] in such testimony do not actually 'conflict' with the [DOT]. Many specific jobs differ from those jobs as they are generally performed, and the expert may identify those unique aspects without contradicting the [DOT].

*Jasinski*, 341 F. 3d at 185. Accordingly, where a VE is answering questions based on a claimant's description of her past relevant work, a deviation from the DOT does not constitute a conflict that the ALJ is required to resolve. *Id.*

In this case, the VE was asked to testify about Plaintiff's ability to perform her past work as it was actually performed, not as it is generally performed. Indeed, the VE acknowledged that Plaintiff could not perform her past work as it was generally performed. *See* T. 76 (VE testified that Plaintiff's RFC was "consistent with the past work, as she performed it" but "not as classified by the DOT"). Because "the VE was testifying about [Plaintiff's] ability to complete her past work as actually performed, not as it was carried out generally, the ALJ did not err by failing to address a discrepancy" between the VE's testimony and the DOT. *Thompson v. Berryhill*, No. 16-CV-00254-LJV-HBS, 2017 WL 4536004, at *10 (W.D.N.Y. Aug. 1, 2017), *report and recommendation adopted*, No. 1:16-CV-00254 (MAT), 2017 WL 4518171 (W.D.N.Y. Oct. 10, 2017).

Moreover, the VE here heard Plaintiff's testimony regarding her past relevant work and "had the opportunity to evaluate [Plaintiff's] description of the job and all the attendant subtleties that [she] actually experienced." *Sanchez v. Barnhart*, 329 F. Supp. 2d 445, 453 (S.D.N.Y. 2004). Accordingly, the VE was able to "consider whether the [Plaintiff's] present limitations foreclosed a return to those precise activities," *id*., and provide a reasoned opinion to the ALJ on that issue. The Court finds no error in the ALJ's reliance on the VE's testimony to support his conclusion that Plaintiff was capable of performing her past relevant work as a hand packager as she actually performed. Accordingly, the Court holds that remand of this matter is not warranted.

**V. Conclusion**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 10) is denied. The Commissioner's motion for judgment on the pleadings (Docket No. 18) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

               **S/Michael A. Telesca**

               HON. MICHAEL A. TELESCA
               United States District Judge

Dated:  July 12, 2018
      Rochester, New York.